# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSLYN ELEASE OLIVER,
                    Appellant,

v.

SOCIAL SECURITY
        ADMINISTRATION,
                    Agency.

DOCKET NUMBER
PH-315H-20-0299-I-1

DATE: July 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Roslyn Elease Oliver</u>, Philadelphia, Pennsylvania, pro se.

<u>Edward C. Tompsett</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective September 15, 2019, the agency appointed the appellant to the career-conditional position of Legal Administrative Specialist in the competitive service, subject to a 1-year probationary period. Initial Appeal File (IAF), Tab 5 at 54-55. The appellant had previously held a Claims Clerk position with the agency, but had resigned effective March 16, 2001. *Id*. at 62. On or around April 2, 2020, the agency issued to the appellant a notice of proposed termination for failure to disclose information required in the OF-306, Declaration for Federal Employment (OF-306). *Id*. at 47-53. The proposal clearly informed the appellant that she had the right to review the materials relied upon in support of the proposed termination and to reply to the proposed action in writing. *Id*. at 52. The appellant submitted a written reply. *Id*. at 20-22. Less than 1 year after the appellant's initial appointment, effective May 13, 2020, the agency terminated her appointment. *Id*. at 11-19. The termination letter stated that the decision was "based in whole or in part on conditions arising before [her] appointment." *Id*. at 12.

The appellant filed an appeal and requested a hearing. IAF, Tab 1 at 2. She checked the box indicating that she was challenging her "[t]ermination during probationary or initial service period." *Id*. at 4. The appellant asserted that she had "simply made a mistake" during the application process and "would NEVER intentionally omit application information." *Id*. In the acknowledgment order, the administrative judge informed the appellant that the Board may not have jurisdiction over her appeal and apprised her of the regulatory right to appeal for probationers in the competitive service and the requirements for meeting the definition of an "employee" for purposes of 5 U.S.C. chapter 75 appeal rights. IAF, Tab 2 at 2-5. Neither party responded to the acknowledgment order. The administrative judge issued a subsequent jurisdiction order, which required the agency to file a jurisdictional response, provided the appellant with the opportunity to respond to that response, and informed the parties of the date on which the record on jurisdiction would close. IAF, Tab 3 at 1-2.

The agency submitted a narrative response and evidence file. IAF, Tab 5. The appellant did not file any response or pleading addressing the matter of jurisdiction. The administrative judge issued a subsequent order informing the appellant that it appeared that she had been terminated at least in part for reasons arising before the date of her appointment and that the agency was therefore required to provide her with notice and an opportunity to respond to her proposed termination. IAF, Tab 8 at 1. He stated that it appeared from the evidence in the record that the agency had done so and noted that the appellant had not made allegations that her termination was due to marital status or partisan political reasons. *Id*. The administrative judge ordered the appellant to show cause why her appeal should not be dismissed for lack of jurisdiction. *Id*. at 1-2. The appellant did not file a response to the order to show cause.

Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal because the appellant failed to make a nonfrivolous allegation that the Board had jurisdiction over her appeal. IAF,

Tab 9, Initial Decision (ID) at 1, 4. The administrative judge found that, because the agency terminated the appellant during a probationary period in part for pre-appointment reason, it was required to follow the procedural requirements set forth at 5 C.F.R. § 315.805, but that the appellant had not alleged that the agency failed to comply with these requirements and that the agency had proven that it provided the requisite notice, opportunity to respond, and decision. ID at 4. Furthermore, he found that the appellant had not alleged that she was terminated due to marital status or partisan political reasons. *Id*. Finally, the administrative judge found that the appellant had not presented any prior Federal service that could be tacked on to either enable her to meet the definition of an "employee" or complete her probationary period. *Id*.

The appellant has filed a petition for review arguing that she "completed [her] probationary period years ago" and asserting that she had not been afforded her proper rights on appeal. Petition for Review (PFR) File, Tab 1 at 3. The agency has filed a response arguing that the appellant's prior service could not be tacked on to her most recent service for purposes of her probationary period because she had an 18-year gap in her employment with the agency. PFR File, Tab 3 at 4-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant has the burden of establishing that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that she satisfied one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). For an individual in the competitive service, such as the appellant, this means that she either must not be serving a

probationary or trial period under an initial appointment, or have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A)(i), (ii). A probationary employee in the competitive service has a limited regulatory right of appeal. *See* 5 C.F.R. § 315.806. If such a person is terminated for reasons that arose after her appointment, as was the appellant, she may appeal to the Board only if he raises a nonfrivolous claim that her termination was based on partisan political reasons or marital status. 5 C.F.R. § 315.806(b). Under 5 C.F.R. § 315.806(c), a probationary employee whose termination was based in whole or in part on conditions arising before her appointment may appeal her termination to the Board on the ground that it was not effected in accordance with the procedural requirements set forth in 5 C.F.R. § 315.805. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 7 (2016). Those procedural requirements include advance notice of the termination, an opportunity to respond, and consideration of the response. *Id.*, ¶ 13; 5 C.F.R. § 315.805(a)-(c). In a probationary termination appeal arising under section 315.806(c), the only issue before the Board is whether the agency's failure to follow the procedures set forth in section 315.805 was harmful error and the Board does not address the merits of the agency's termination. *LeMaster*, 123 M.S.P.R. 453, ¶ 7.

An appellant is entitled to a jurisdictional hearing if she presents nonfrivolous allegations[2] of Board jurisdiction. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

conflicting assertions of the parties and the agency's evidence may not be dispositive. *Id*.

On petition for review, the appellant does not challenge the administrative judge's finding that she failed to make a nonfrivolous allegation that there was a regulatory basis for her appeal under the provisions set forth in 5 C.F.R. part 315, subpart H. PFR File, Tab 1 at 3; ID at 3-4. Rather, she seemingly challenges the administrative judge's finding that she failed to make a nonfrivolous allegation that she was an "employee" for purposes of 5 U.S.C. chapter 75 appeal rights. PFR File, Tab 1 at 3; ID at 4. The appellant argues for the first time on review that she was not a probationary employee but rather "a full time employee for 11 years" with Board appeal rights. PFR File, Tab 1 at 3. The appellant did not submit any supporting evidence of her prior service with the agency or cite to any of the documentary evidence submitted by the agency during the pendency of the appeal. *Id*.

The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has made no such showing, and she did not submit any supporting evidence of her prior service with the agency. PFR File, Tab 1 at 3. She offers no explanation why she did not make this argument during the pendency of her appeal or indeed respond at all to the administrative judge's numerous jurisdictional orders. *Id*. The agency's documentary submissions identify prior service ending on March 16, 2001, more than 18 years prior to the appointment at issue in the present appeal. IAF, Tab 5 at 54-55, 62. The appellant does not explain on review if the alleged 11-year service with the agency to which she refers is this service identified by the agency or more recent Federal service. PFR File, Tab 1 at 3. In contrast to the appellant's argument that she was "not allowed to give documentary evidence or to be represented by a representative," PFR File, Tab 1

at 3, the administrative judge provided her with three separate opportunities during the pendency of the appeal to provide evidence and argument regarding the jurisdictional issue, IAF, Tabs 2-3, 8. Moreover, the administrative judge provided the appellant with detailed instructions how to file a designation of representative in the acknowledgment order. IAF, Tab 2 at 5-6.

Therefore, even if we were to consider her new argument, the appellant has not made a nonfrivolous allegation that she meets the definition of an "employee" in the competitive service under 5 U.S.C. § 7511(a)(1)(A) or that the Board has jurisdiction over her appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will generally not grant a petition for review based on "new" evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). She has provided no supporting evidence or argument for her conclusory statement that she was not a probationary employee and has set forth no facts demonstrating that she had completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. PFR File, Tab 1 at 3; *see* 5 U.S.C. § 7511(a)(1)(A)(i), (ii). We also agree with the administrative judge that the appellant has not alleged that the agency failed to follow the procedural requirements set forth in 5 C.F.R. § 315.805 or that she was terminated due to her marital status or for partisan political reasons, and therefore, has not made a nonfrivolous allegation that she has a regulatory right to appeal under 5 C.F.R. § 315.806. PFR File, Tab 1 at 3; ID at 3-4.

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         _Gina K. Grippando_
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.